IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NO. 2:19CR20020-005 |
| QUAN DAVID PHUNG | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Quan David Phung ("Mr. Phung"), by and through his undersigned counsel, Stephen C. Parker, Jr., of Parker Law Firm, PLLC, respectfully requests the Court to: (1) sustain his objection to the Presentence Investigation Report ("PSR"); (2) grant him a downward departure pursuant to USSG §4A1.3(b)(1) because his criminal history category substantially over-represents the seriousness of his criminal history; and (3) find that after applying the factors set forth at 18 U.S.C. §3553(a) a downward variance from the advisory guideline range is warranted in this case. In support of *Defendant's Sentencing Memorandum*, Mr. Phung states as follows:

PROCEDURAL BACKGROUND

Mr. Phung is named in Count One of a four-count Indictment and Forfeiture Allegation. On May 1, 2019, Mr. Phung and the United States of America ("Government") entered into written plea agreements. Count One of the Indictment charges that Mr. Phung and others did knowingly and intentionally combine, conspire, confederate, and agree with each other to distribute a controlled substance, namely, a mixture or substance that contain a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 831(a)(1) and 846.

On August 21, 2019, a written plea agreement was presented to the Court and Mr. Phung formally entered a plea of guilty to Count One of the Indictment in exchange for negotiated

concessions by the Government ("Plea Agreement"). The Court expressed tentative approval of the Plea Agreement pending review of a PSR from the United States Probation Office ("Probation").

On November 1, 2019, an initial PSR was filed by Probation. Mr. Phung's total offense level is 31 with a total criminal history score of 11, but because Mr. Phung is a career offender he is place in criminal history category VI pursuant to USSG § 4B1.1(b). The PSR calls for an advisory guideline range of 188 to 235 months. The maximum term of imprisonment is 20 years pursuant to 21 U.S.C. § 841(b)(1)(C). On November 13, 2019, the Government gave notice that it did not have any objections to the initial PSR. On November 15, 2019, Mr. Phung made one objection to the initial PSR. On November 21, 2019, Probation filed a final PSR, which includes an Addendum that responds to Mr. Phung's objection. Mr. Phung agrees that the information is not guideline determinative, but respectfully requests the Court to sustain his objection and direct Probation to remove the information from the final PSR.

This case is set for a sentencing hearing on January 14, 2020. Mr. Phung has been detained and in United States Marshall's Service ("USMS") custody since his arrest on May 23, 2019.

OBJECTION TO THE PSR

Mr. Phung respectfully requests that paragraphs 19 through 21 of the final PSR be deleted for the following reasons:

1.  these acts are not part of the instant offense as defined by U.S.S.G. § 1B1.1;

2.  these acts are not relevant conduct as defined by U.S.S.G. § 1B1.3; and

3.  this information was derived from documentation provided to Probation and not produced to the Defendant through discovery as required by Fed. R. Crim. P., Rule 16.

DEPARTURE BASED ON INADEQUACY OF CRIMINAL HISTORY CATEGORY

Mr. Phung's criminal history category substantially over-represents the seriousness of his criminal history. Mr. Phung is placed in criminal history category VI because he qualifies as a career offender pursuant to USSG § 4B1.1(b). However, his criminal history score is only 11, which falls in criminal history category V, and 8 out of his 11 criminal history points stem from a single episode.

Mr. Phung committed 2 prior drug offenses on January 12, 2009 and February 19, 2009. Although he was convicted and sentenced for both offenses on the same date, they are counted as separate offenses because of an intervening arrest. However, the proximity in time and underlying facts indicate that these are part of a single episode by Mr. Phung. PSR ¶57 – 58. Without punishment for the first offence prior to the second offense, Mr. Phung is deprived of a realistic opportunity at rehabilitation.

Otherwise, Mr. Phung only has misdemeanor convictions, which total 3 points, and he is assessed an additional 2 points for committing the instant offense while on parole for the 2 prior drug offenses. In essence, Mr. Phung is assessed 8 points for 2 prior drug offenses that occurred within 38 days, which over-represents the seriousness of his criminal history.

Pursuant to USSG §4A1.3(b)(1) the Court may depart downward if reliable information indicates that a defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history. Absent the career offender enhancement, Mr. Phung would fall in criminal history category V and his guideline range would be 168 to 210 months. Mr. Phung respectfully requests the Court to grant him a downward departure pursuant to USSG §4A1.3(b)(1) and find that his advisory guideline range is 168 to 210 months.

APPLYING THE FACTORS SET FORTH AT 18 U.S.C. § 3553(a) A DOWNWARD VARIANCE
FROM THE ADVISORY GUIDELINE RANGE IS WARRANTED IN THIS CASE

As the Court is aware, district courts are now free from the mandatory nature of the Sentencing Guidelines ("Guidelines"). *See* United States v. Booker, 543 U.S. 220 (2005). Since 2005 the Guidelines have been considered advisory, and are now just one of several criteria district courts consider when imposing a sentence. Id. at 223. Pursuant to the decision in *Booker*, its progeny, and 18 U.S.C. § 3553(a), Mr. Phung moves the Court to impose a sentence that is sufficient, but not greater than necessary, to account for the nature and seriousness of the offense, provide just punishment, deter criminal conduct, protect the public, and avoid sentencing disparities. *See also*, United States v. Spigner, 416 F.3d 708, 711 (8th Cir. 2005).

The Supreme Court's latest decisions emphasize that district courts have wide discretion to fashion an appropriated sentence and that courts of appeals will not disturb those sentences absent an abuse of discretion. Gall v. United States, 522 U.S. 38 (2007) (finding a variance to probation for a drug offender reasonable); Kimbrough v. United States, 522 U.S. 85 (2007) (holding that the Guidelines are merely advisory in every respect; judges are free to disagree with them and sentence individuals reasonably). This Court is free to depart from the Guidelines so long as it states its disagreement along with sufficient justification for the extent of the departure. *See* United States v Parris, 573 F.Supp. 2d 744, 754 - 755 (E.D.N.Y. 2008); and United States v. Gall, 128 S.Ct. 586 (2007) (departing from 360 months to 60 months – an 84.5% downward variance – considering the defendant's personal history and characteristics and finding that a "one-size-fits-all" approach to sentencing was not appropriate).

The process a sentencing court must follow since Booker involves three steps: (1) determine the appropriate guidelines sentencing range; (2) examine the propriety of a traditional departure under the guidelines; and (3) consider the factors set forth in 18 U.S.C. § 3553(a) to

determine if a variance is warranted. *See generally*, U.S. v. Garlewicz, 493 F.3d 933, 937 (8th Cir. 2007).

In determining the minimally sufficient sentence, 18 U.S.C. §3553(a) further directs sentencing courts to consider the following factors:

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    The need for the sentence imposed:
        a.    To reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;
        b.    To afford adequate deterrence to criminal conduct;
        c.    To protect the public from further crimes of the defendant; and
        d.    To provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3)    The kinds of sentences available;
    (4)    The guidelines promulgated by the Sentencing commission;
    (5)    Any pertinent policy statement issued by the Sentencing Commission;
    (6)    The need to avoid unwarranted sentencing disparities among similarly situated defendants; and
    (7)    The need to provide restitution to the victims.

Id. A sentencing judge must consider all of the factors to determine whether they support the sentence requested by a party. United States v. Gall, No. 06-7949, 2007 WL 4292116 (Dec. 10, 2007). The Guidelines are only a starting point and benchmark, not the only consideration. *Id*. The courts must make an individualized assessment based on the facts presented, and not presume that the Guidelines range is reasonable on its face. Id.

Of particular significance in this case are (1) the characteristics of the defendant; and (2) the need to avoid unwarranted sentencing disparities among similarly situated defendants.

Mr. Phung is a 40 year old Fort Smith/Van Buren native born to Liem and Stacey Phung. Mr. Phung's parents divorced when he was 6 years old and he was primarily raised by his maternal grandmother, Nancy Stepusin. Mr. Phung's father was abusive and they have not had contact for more than 20 years. Mr. Phung has 2 brothers and 2 maternal half-sisters. There has been a lack of parental guidance throughout Mr. Phung's life.

Mr. Phung graduated from Van Buren High School in 1997. Mr. Phung has an extensive work history, which includes: (1) survey crew at Hoffman Prior Land Survey in 2002, 2003, 2004 and 2006; (2) survey crew for Anderson Survey in 2004; (3) forklift driver at Simmons Foods in 2009; and (4) warehouse worker at Ashley furniture in 2015 and 2016.

In 2017 Mr. Phung was in a significant automobile accident that shattered his right hip and fractured his left femur and right arm. While being treated for his injuries, Mr. Phung was prescribed narcotics and developed an opioid addiction. Mr. Phung still suffers nerve damage from the injuries.

Mr. Phung has been addicted to methamphetamine since he first tried it at age 17. He completed the substance abuse treatment program ("SATP") while incarcerated in the Arkansas Department of Corrections and has gone to outpatient substance abuse treatment while on parole. Mr. Phung desires to continue in substance abuse treatment while incarcerated in the Bureau of Prisons and respectfully requests the Court for a recommendation to the Residential Drug Abuse Program ("RDAP").

The Court is in the best position to determine whether Mr. Phung's sentence range is a disparity considering similarly situated defendants, including the co-defendants identified in the PSR, whom will be sentenced contemporaneously with Mr. Phung.

For these reasons, Mr. Phung respectfully requests the Court to find that a sentence below the Guidelines range is warranted in his case.

CONCLUSION

Mr. Phung respectfully moves the Court to sustain sustain his objection to the Presentence Investigation Report ("PSR"); grant him a downward departure pursuant to USSG §4A1.3(b)(1) because his criminal history category substantially over-represents the seriousness of his criminal history; and find that after applying the factors set forth at 18 U.S.C. §3553(a) a downward variance from the advisory guideline range is warranted in this case. Considering the nature and circumstances of the offense, the characteristics of Mr. Phung, and the need to avoid unwarranted sentencing disparities among similarly situated defendants, Mr. Phung respectfully request the Court to sentence him to a term of imprisonment of less than 168 months, which is sufficient, but not greater than necessary, to account for the nature and seriousness of the offense.

Respectfully submitted,

Quan David Phung

By: ELECTRONIC SIGNATURE

_____
Stephen C. Parker, Jr.
PARKER LAW FIRM, PLLC
300 N. College, Suite 309
Fayetteville, AR 72701
(479) 445-6295 *telephone*
(888) 680-6414 *facsimile*
stephen@justiceforarkansas.com

*Attorney for Quan David Phung*

## CERTIFICATE OF SERVICE

      I, Stephen C. Parker, Jr., attorney for defendant, Mr. Quan David Phung, hereby certify that on December 23, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system and conventionally served a copy of the filing via electronic mail on the following:

    Candace L. Taylor
    Assistant U.S. Attorney
    candace.taylor@usdoj.gov

*ELECTRONIC SIGNATURE*

_____
Stephen C. Parker, Jr.